EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GERMÁN MORENO, acusado y apelante.

No. 2766.—*Visto:* Noviembre 2, 1926. *Resuelto:* Noviembre 18, 1926.

AUTOMÓVILES—INFRACCIÓN A LA LEY DE AUTOMÓVILES—PROCESO Y CASTIGO—EVIDENCIA—SUFICIENCIA DE LA MISMA—DEBIDO CUIDADO Y PRECAUCIONES DEL QUE MANEJA—EN GENERAL.—Cuando una persona que maneja un carro, después de echarse a su derecha para dejar paso a otro vehículo, cierra el paso obligando a éste a desviar rápidamente para evitar un choque, produciéndose el vuelco de dicho vehículo, dicha persona es culpable de infringir la Ley No. 75 de 1916.

SENTENCIA de *Charles E. Foote,* J. (San Juan), condenando al acusado por infracción de la ley de automóviles (Ley No. 75 de 1916). *Confirmada.*

*Joaquín Vendrell,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El fundamento de esta apelación es que la corte inferior cometió error en la apreciación de la prueba porque ésta no justifica la culpabilidad del acusado.

Al apelante se le imputó que voluntaria y maliciosamente, mientras manejaba un automóvil y debido a su funcionamiento, tuvo un accidente o choque con otro automóvil en una de las carreteras de esta Isla resultando destrozado dicho automóvil y heridos sus pasajeros, no habiéndose detenido el acusado para dar su nombre y número de la licencia a las personas perjudicadas ni prestádales ayuda ni co-

municado el accidente a la estación de policía más inmediata.

El fiscal presentó en el juicio las declaraciones de tres testigos. El primero de ellos, Miguel Burset, declaró que el día del suceso como a la una o una y media de su tarde venía de Vega Baja para San Juan en un automóvil guiado por Miguel A. Landrón a 35 millas de velocidad para asistir a las carreras del hipódromo: que bastante cerca de dicho pueblo y en una recta encontraron en la misma dirección otro automóvil manejado por el acusado al que se le pidió paso y se echó a la derecha y cuando el otro automóvil iba a pasar el acusado le cerró el paso produciéndose el accidente, yéndose a la cuneta el automóvil en que iba el testigo y volcándose, sin que pueda decir en qué parte de los automóviles chocaron: que el automóvil del acusado siguió su camino sin detenerse: que no puede decir si el acusado se dió cuenta del accidente y que el golpe no fué violento sino simplemente cerrar el paso voluntariamente: que los vehículos no chocaron aunque le parece que rozaron. Rogelio Alvarez manifestó lo mismo que el anterior y también que cuando iban a pasar al otro automóvil del acusado éste les cerró el paso. Miguel A. Landrón, chauffeur del automóvil volcado, explicó que pidió derecha al otro automóvil en una recta y al dársela aceleró la marcha y que tocó bocina otra vez y entonces el acusado cerró el paso y al desviar el testigo su automóvil fué a parar a la cuneta: que si el acusado hubiera conservado su derecha nada hubiera sucedido: que no había obstáculo en el camino para que el acusado doblara a su izquierda y que si el testigo no desvía hubieran chocado los dos automóviles, pues estaba a pocas pulgadas del otro automóvil cuando le fué cerrado el paso.

La prueba del acusado demostró que cuando su automóvil fué detenido al llegar a Bayamón no tenía señal alguna de choque; y el acusado y un pasajero declararon que no tuvieron choque alguno y que se enteraron del accidente cuando se lo informó la policía de Bayamón.

De esa prueba resulta que el automóvil de Landrón no se volcó porque tuviera un choque con el que guiara el acusado, extremo que no ha imputado ningún testigo del fiscal, sino porque el acusado después de haberse echado a su derecha para dejar pasar al otro vehículo le cerró el paso, lo que fué causa de que el otro tuviera que desviar rápidamente a su izquierda y de que se produjera el vuelco y las heridas en sus pasajeros; acto que debe reputarse intencional a falta de prueba en contrario.

Es cierto que el automóvil volcado caminaba a tal velocidad que según la ley es evidencia *prima facie* de ser conducido sin el debido cuidado (Ley No. 75 de 1916, artículo 13, apartado *a*) pero entendemos que a pesar de esa velocidad el vuelco fué debido al acto del apelante cerrando el paso al otro automóvil que lo obligó a desviar rápidamente para evitar un choque, produciéndose el vuelco.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.